1  SEAN P. FLYNN (SBN: 220184)
   GORDON & REES LLP
2  2211 Michelson Drive
   Suite 400
3  Irvine, CA 92612
   Telephone: (949) 255-6950
4  Facsimile: (949) 474-2060

5  Attorneys for Defendant
   STATE COLLECTION SERVICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VACCARO,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE COLLECTION SERVICE, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendant. | CASE NO.<br>[Los Angeles County Superior Court Case No. BC636929]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**<br><br>[Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Case Cover Sheet]<br><br>Complaint filed: October 11, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant State Collection Service, Inc. (hereinafter referred to as "SCS") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, plaintiff David Vaccaro asserts a claim for damages against SCS arising out of alleged violations of the California's Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"). In support of this Notice of Removal, SCS, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles on October 11, 2016, styled *David Vaccaro v. State Collection Service, Inc.; and DOES 1 through 50, inclusive*, Case No. BC636929 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the California's Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.*, the FDCPA, and RFDCPA. Complaint, ¶¶ 27, 53, 59. The Complaint was served on SCS on October 19, 2016.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges the violation of a federal law - the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et seq*. S*ee* Complaint, ¶¶ 49-54.

6. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by SCS pursuant to 28 U.S.C. § 1441(b).

7. The Complaint also alleges state law claims against SCS, namely, that SCS violated the California's Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.*, and Rosenthal Fair Debt Collection Practices Act. *See* Complaint, ¶¶ 24-42; & 55-60. These allegations are based on the same set of operative facts that form the basis of Plaintiff's federal TCPA claim, and this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

**TIMELINESS OF REMOVAL**

8. As noted above, the Complaint was served on SCS on October 19, 2016. SCS's Notice of Removal is timely because SCS filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

9. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Los Angeles, which is located within the United States District Court for the Central District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

10. SCS has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

11. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

12. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Los Angeles, in Case No. BC636929.

13. Copies of all process, pleadings and orders served on SCS are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

WHEREFORE, for the foregoing reasons, SCS removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California and respectfully requests that this Court exercise jurisdiction over this action.

Dated: November 18, 2016          GORDON & REES LLP

By: *s/Sean P. Flynn*
Sean P. Flynn
Attorneys for Defendant State Collection Service, Inc.

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

# EXHIBIT A

10/19/ce288

6170-101060076 2016101014:33 <No Field> Pag 20

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE COLLECTION SERVICE, INC.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID VACCARO;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 11 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

**CASE NUMBER:**
*(Número del Caso):* BC636929

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric Sapir, Law Office of Eric Sapir, 11500 Olympic Blvd., Suite 400, Los Angeles, CA 90064-310-444-3058

DATE: OCT 11 2016       Clerk, by SHERRI R. CARTER / SHAUNYA BOLDEN, Deputy
*(Fecha)*                *(Secretario)*                                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   State Collection Service, Inc.

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 10/19/16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

6170-101060076 2016101014:33 <No Field> Page 2

Eric Sapir (SBN: 282740)
LAW OFFICE OF ERIC SAPIR
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
Telephone: (310) 444-3058
Facsimile: (310) 444-3059
es@ericsapirlaw.com

Attorney for Plaintiff
DAVID VACCARO

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 11 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID VACCARO,<br><br>Plaintiff,<br><br>v.<br><br>STATE COLLECTION SERVICE, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **BC 636929**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED** |

COMES NOW PLAINTIFF DAVID VACCARO, who alleges against all Defendants as follows:

### JURISDICTION AND VENUE

1. The Court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.
2. Venue is proper under *Code of Civil Procedure section* 395 because some or all of the parties are residents of Los Angeles County, or are doing or did business in Los Angeles County at all times relevant herein.
3. Plaintiff is informed and believes and based upon such information and belief alleges that at all times mentioned herein, the allegations, acts and harm to Plaintiff giving rise to this lawsuit occurred in Los Angeles County, California.

- 1 -

## PARTIES

4. Plaintiff DAVID VACCARO, ("Plaintiff") at all times mentioned herein, is a resident of Los Angeles County, California.

5. Plaintiff is informed and believes, and based upon such information and belief, alleges that defendant STATE COLLECTION SERVICE, INC. ("SCS") was and is at all times mentioned herein, a Wisconsin corporation, with its principal place of business located in Madison, Wisconsin. SCS is a debt collection company who attempted to collect upon a debt allegedly owed by Plaintiff to Apria Healthcare, for alleged medical expenses incurred by Plaintiff.

6. Plaintiff alleges that the true names or capacities whether individual, corporate, associate, or otherwise of the Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of this court to amend this complaint to allege the true names and capacities of DOES 1 through 50, inclusive, when Plaintiff ascertains the identity of such Defendants. Plaintiff is informed and believes and based upon such information and belief alleges that each of these Defendants designated as DOE is responsible in some manner for the acts and omissions which damaged the Plaintiff, and that Plaintiff damages as alleged herein were proximately caused by their actions or omissions.

7. Plaintiff is informed and believes and based upon such information and belief alleges that at all times herein mentioned, each of the Defendants, and DOES 1 through 50, and each of them, were the servants, agents, employees, alter egos, superiors, and/or co-conspirators of each of the remaining Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency, as servants, agents, employees, alter egos, superiors, and/or co-conspirators, and with the permission and consent of their co-defendants and, consequently, each Defendant named herein, and those Defendants named herein as DOES 1 through 50, inclusive, are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of their wrongful conduct as alleged herein. Furthermore, Plaintiff is informed and believes and based upon such information and belief further avers that at all times herein mentioned, each of the Defendants, and DOES 1 through 50, and each of them is contractually, strictly, negligently, intentionally, vicariously liable and otherwise

legally responsible in some manner for the acts and omissions as described herein. Plaintiff will seek leave of this court to amend this complaint to set forth the true names and capacities of DOES 1 through 50, inclusive, when Plaintiff ascertains the identity of such Defendants.

## FACTUAL ALLEGATIONS

8. Defendants' employees and agents placed outgoing telephone calls to consumers and/or other individuals who reside in California, in attempts to collect upon debt.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants had a policy and practice of recording and/or monitoring these telephone conversations with California consumers and/or other individuals.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants' employees and agents were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon these telephone conversations with California consumers and/or other individuals.

11. Defendants intentionally installed and/or caused to be installed certain wiretapping, eavesdropping, recording and/or bugging equipment in Defendants' telephone lines. Plaintiff is informed and believes, and based thereon alleges, that all these devices were maintained and utilized to overhear, record and/or bug each and every telephone conversation on said telephone lines.

12. Plaintiff is informed and believes, and based thereon alleges, that these calls were recorded, monitored and/or eavesdropped upon without knowledge or consent of Plaintiff.

13. During the course of these telephone conversations with employees and agents of Defendants, Plaintiff revealed sensitive, private, and confidential information. Plaintiff did so with a reasonable expectation of privacy in those telephone conversations.

14. The wiretapping, bugging, recording and/or eavesdropping equipment mentioned herein was used to listen to the telephone conversations of Plaintiff; this violated California Penal Code § 630 et seq.

15. On or about June 27, 2016, Valerie from SCS called Plaintiff's telephone. During the call, Valerie elicited Plaintiff's sensitive and private personal identifying information, including, but not limited to, his name, address, telephone number, and birth date.

- 3 -

16. At the end of the call, Plaintiff was notified that the call was in fact recorded, without obtaining his prior consent first.

17. Not, at any time during the telephone conversations, did Defendants provide an automated, pre-recorded warning to warn Plaintiff that the conversations were recorded and/or monitored.

18. Not, at any time during the telephone conversations, did Defendants notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

19. At no time, moreover, did Plaintiff provide Defendants with his consent to eavesdrop, wiretap, record and/or monitor the conversations.

20. Plaintiff had a reasonable expectation that the telephone conversations were, and would remain, private and confidential, and he did not expect that his telephone communications with SCS were being overheard or recorded by anyone else. Such recording and/or monitoring was and is highly offensive to Plaintiff and would be highly offensive to a reasonable person.

21. Plaintiff thereafter learned that telephone conversations between SCS and Plaintiff were recorded and/or monitored.

22. Within five days of SCS' first contact with Plaintiff, SCS failed to send Plaintiff a written notice that included the following required by the FDCPA:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

       (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

       (15 USC 1692g).

23. Within five days of SCS' first contact with Plaintiff, SCS failed to send Plaintiff a written notice that included the following language required by the RFDCPA:

       The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or *www.ftc.gov*.

       (*Cal. Civ. Code §* 1812.700).

### FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY FOR VIOLATIONS OF PENAL CODE §§ 632 AND 637.2
**(Against all Defendants)**

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. Defendants, and each of them, installed and/or caused to be installed certain wiretapping, eavesdropping, recording and/or bugging equipment on their telephone lines.

26. Plaintiff is informed and believes, and based thereon alleges, that all these devices were maintained and utilized to overhear, record or bug each and every incoming and outgoing telephone conversation with Plaintiff over said telephone lines.

27. The aforementioned wiretapping, bugging, recording and/or eavesdropping equipment was used to listen to the telephone conversations between Plaintiff, on one hand, and the Defendants, on the other, all in violation of California Penal Code § 632(a).

28. Plaintiff is informed and believes, and based thereon alleges, that each of the aforesaid telephone communications, and the recordings thereof, were disseminated by and between the Defendants, and each of them, all in violation of California Penal Code § 630 et. seq.

29. At no time before eliciting Plaintiff's sensitive and private personal identifying information, Defendants, or any of them, or any of their employees, agents, managers, officers or directors, or any other person, properly and sufficiently inform Plaintiff that the interceptions, eavesdropping, wiretapping, bugging and recording of the telephone conversations were taking place, and at no time did Plaintiff sufficiently consent to this activity.

30. Defendants, and each of them, knowing that it was unlawful and a violation of Plaintiff's right to privacy, and a violation of California Penal Code § 630 et seq., did intrude on Plaintiff's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wiretapping, bugging and/or recording activities in connection with the telephone conversations between Plaintiff, on the one hand, and employees, managers, officers and directors of SCS, and all other defendants, on the other hand, all as aforementioned and alleged herein.

31. The aforesaid telephone conversations between Plaintiff, on the one hand, and Defendants, on the other hand, were confidential communications to which Plaintiff had a reasonable expectation of privacy.

32. Based on the foregoing, Plaintiff is entitled to statutory damages pursuant to California Penal Code § 637.2.

### SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY FOR VIOLATIONS OF PENAL CODE §§ 632.7, 635 AND 637.2
(Against all Defendants)

33. Plaintiff reincorporates by reference all of the preceding paragraphs.

34. Defendants engaged in a telephone conversation with Plaintiff from a telephone.

35. Defendants, and each of them, installed and/or caused to be installed certain recording, wiretapping, eavesdropping and/or bugging equipment on their telephone lines.

36. Plaintiff is informed and believes, and based thereon alleges, that all these devices were maintained and utilized to overhear, record or bug each and every incoming and outgoing telephone conversation over said telephone lines.

37. At all relevant times, Defendants, and each of them, have been in possession of eavesdropping and recording equipment prohibited by Section 635 of the Penal Code.

38. The aforementioned wiretapping, bugging, and eavesdropping equipment was used to listen to the telephone conversations from telephones between Plaintiff, on one hand, and the Defendants, on the other hand, all in violation of California Penal Code § 632.7.

39. Plaintiff is informed and believes, and based thereon alleges, that each of the aforesaid telephone communications, and the recordings thereof, were disseminated by and between the Defendants, and each of them, all in violation of California Penal Code § 630 et. seq.

40. At no time before or during these telephone conversations did Defendants, or any of them, or any of their employees, agents, managers, officers or directors, or any other person, adequately inform Plaintiff that the interceptions, eavesdropping, wiretapping, bugging and/or recording of the telephone conversation was taking place, and at no time did Plaintiff consent to this activity.

41. Defendants, and each of them, knowing that it was unlawful and a violation of Plaintiff's right to privacy, and a violation of California Penal Code § 630 et seq., did intrude on Plaintiff's privacy by possessing eavesdropping and recording equipment and by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wiretapping, bugging and/or recording activities in connection with the telephone conversation between Plaintiff, on the one hand, and employees, managers, officers and directors of SCS, and all other defendants, on the other hand, all as aforementioned and alleged herein.

42. Based on the foregoing, Plaintiff is entitled to statutory damages pursuant to California Penal Code § 637.2.

//
//
//

## THIRD CAUSE OF ACTION FOR NEGLIGENCE
### (Against all Defendants)

43. Plaintiff reincorporates by reference all of the preceding paragraphs.

44. Defendants, and each of them, had various statutory and common law duties not to engage in the aforementioned wiretapping, eavesdropping, recording and/or bugging activities which led to the rights to privacy of Plaintiff being invaded and breached.

45. Defendants, and each of them, negligently and recklessly engaged in the aforementioned eavesdropping, wiretapping, recording and/or bugging activities of Plaintiff.

46. These activities of Defendants, and each of them, as aforesaid in this cause of action and in this complaint, caused actual, statutorily-imposed and/or demonstrable damages to Plaintiff.

47. As a result of Defendants' activities as addressed in this cause of action and in this complaint, Plaintiff suffered severe emotional distress, inconvenience, anxiety and upset. As a result of such injuries, Plaintiff has suffered general damages according to proof.

48. Based on the foregoing, Plaintiff suffered damage as a result of the conduct of Defendants, and each of them. Wherefore, Plaintiff requests relief as described below.

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA
### (Against all Defendants)

49. Plaintiff reincorporates by reference all of the preceding paragraphs.

50. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(3).

51. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

52. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

53. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

- 8 -

File By Fax COMPLAINT FOR DAMAGES

    b.    Defendant violated §1692e(11) by failing to notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

    c.    Defendant violated §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the amount of the debt.

    d.    Defendant violated §1692g(a)(2) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the name of the creditor to whom the debt is owed.

    e.    Defendant violated §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

    f.    Defendant violated §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

    g.    Defendant violated §1692g(a)(5) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

54.    Based on the foregoing, Plaintiff is entitled to statutory damages and attorney's fees pursuant to the FDCPA.

//
//
//

## FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE RFDCPA
### (Against all Defendants)

55. Plaintiff repeats and realleges all of the allegations in the Fourth Cause of Action of Plaintiff's Complaint as the allegations in the Fifth Cause of Action of Plaintiff's Complaint.

56. Plaintiff is a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code 1788.2(h).

57. The purported debt that Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

58. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

59. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

60. Defendant violated the RFDCPA based on the following:
    a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.
    b. Defendant violated the Cal. Civ. Code § 1812.700 by failing to include the specific language required by § 1812.700.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. ~~For statutory damages against Defendants, and each of them, in the sum of $5,000 for each violation of Sections 632, 635, and 632.7 of the Penal Code;~~

2. For Declaratory judgment that Defendant's conduct violated the FDCPA, statutory damages, actual damages, costs and attorney's fees under the FDCPA;

3. For statutory damages, actual damages, costs and attorney's fees under the RFDCPA;

4. For any and all prejudgement interest permitted by law;

5. Such further relief, costs, and damages the Court deems proper.

6170-101060076 20161010 14:33 <No Field> Page    of 20

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff DAVID VACCARO demands a jury trial in this case.

LAW OFFICE OF ERIC SAPIR

Dated: October 10, 2016    By: _____
Eric Sapir
Attorney for Plaintiff
DAVID VACCARO

- ii -

COMPLAINT FOR DAMAGES

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **November 18, 2016** and pursuant to FRCP 5(b), I served a true and correct of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** on the parties below by United States Mail addressed as follows to:

| | |
|---|---|
| Eric Sapir<br>Law Office of Eric Sapir<br>11500 Olympic Blvd., Suite 400<br>Los Angeles, CA  90064<br>(310) 444-3058<br>Fax (310) 444-3059<br>es@ericsapirlaw.com | *Attorneys for Plaintiff*<br>*David Vaccaro* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2016, at Irvine, California.

_____
Leslie M. Handy

-5-
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A)